■ Newmark & Company Real Estate, Inc., Doing Business as Newmark Knight Frank, Appellant, v GCJ Holdings LLC et al., Respondents. [928 NYS2d 24]—

The evidence demonstrates that Wasserman was not acting in his personal capacity when he retained plaintiff to assist him in finding a suitable property for his proposed business venture. Indeed, as plaintiff acknowledges, the Term Sheet provided for payment of the broker's commission by GCJ. Plaintiff participated in subsequent negotiations for the sublease of the subject premises by GCJ, not Wasserman personally. Thus, plaintiff was or should have been on notice that it was dealing with Wasserman as the representative of a disclosed corporate principal— initially GCJ and later the newly formed MJG—not in his personal capacity.

Moreover, the only written agreement, an Assignment Agreement, expressly states that MJG and no other entity will pay the brokerage commission to plaintiff, and plaintiff may not rely upon parol evidence to vary this term (*see Tullett & Tokyo Forex v Sandomeno*, 258 AD2d 427 [1999]). We note also that the Assignment Agreement contains a clear and unambiguous merger clause providing that it constitutes the entire agreement between the parties with respect to the subject matter contained therein. Indeed, by participating in the drafting and revision of the broker's commission clause of the Assignment Agreement,

plaintiff was fully aware that MJG was to be the sole party responsible for paying the commission, and consented to that arrangement.

We reject plaintiff's contention that Wasserman is liable because MJG was not formed until several months after the property was selected and a deal was negotiated. There was at all times an existing principal—initially GCJ and subsequently MJG—and plaintiff does not dispute that it knew that Wasserman was not seeking the property for his own use but for a business that he planned to operate.

Plaintiff's argument that a novation was not effected by the Assignment Agreement is equally unavailing. Clearly, by participating in the drafting and revision of section 5.3 of the Assignment Agreement, plaintiff was fully aware that MJG was to be the sole party responsible for paying the commission, and, by failing to add Wasserman or GCJ as parties liable for payment of the commission, it consented to that arrangement and to a replacement of whatever prior oral agreement existed.

The evidence also demonstrates that plaintiff is not a third-party beneficiary of the Assignment Agreement. While the broker's commission clause expressly names plaintiff as the broker of record, the agreement as a whole was not intended for plaintiff's benefit (see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000]). Indeed, the broker's commission clause expressly states that the commission will be paid to plaintiff pursuant to a separate agreement.

In view of the foregoing, plaintiff's motion for leave to amend the complaint is moot to the extent it seeks to add claims against GCJ and Wasserman. To the extent it seeks to add claims for additional commissions against MJG, the amendment is unnecessary; these claims are encompassed within the existing complaint.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, Renwick and DeGrasse, JJ.